IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI

DAVID PERRY,

    Plaintiff,

vs.

INDEPENDENCE POLICE DEPARTMENT, in its individual and official capacity for failure to train its officers, JOHN DOE POLICE OFFICERS, in their individual and official capacities,

    Defendants.

CASE NO.

COMPLAINT AND JURY DEMAND

David Perry, Plaintiff, alleges:

## PRELIMINARY STATEMENT

This is a civil rights action arising out of Plaintiff's constitutional rights being violated by John Doe officers of the Independence Police Department and the Independence Police Department for failure to properly train its officers. Plaintiff brings this case for violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. At issue are the policies, procedures, practices, and customs of the Independence Police Department.

Plaintiff has been subjected to deliberate indifference to his serious medical concerns and negligence by Defendants, by failing to have reasonable suspicion or probable cause to be-

lieve that a crime was being committed by Plaintiff, using excessive force, causing serious bodily injury in the process, and failing to render medical care for Plaintiff's injuries.

Plaintiff seeks damages for Defendants' reckless, intentional, and conspiratorial actions that deprived him of his liberty and property interests and inflicted profound personal suffering on him that continues to this day.

## FACTS APPLYING TO ALL COUNTS

1. PARTIES:

    a. Plaintiff David Perry is a United States citizen and resident of the State of Missouri, but currently residing in the State of Nebraska.

    b. Defendant Independence Police Department is a political subdivision of the State of Missouri, located in Independence, Missouri.

    c. Defendants John Doe police officers are employees of the Independence Police Department, are are sued in their individual and official capacity.

2. JURISDICTION:

    a. This lawsuit involves the deprivation of Plaintiff's constitutionally guaranteed rights by Defendants under color of state law. It is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C.

§§ 1331 and 1343. The rights sought to be enforced in-include Plaintiff's guaranteed rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff requests that this Court take supplemental jurisdiction of related state claims pursuant to 28 U.S.C. § 1367 (a).

b. The events at issue in this case transpired primarily in and around Jackson County, Missouri. Trial on this matter is proper in Kansas City, Missouri.

3. HISTORY OF THE UNDERLYING CONSTITUTIONAL VIOLATIONS:

a. Plaintiff Perry was at a convenience store in Independence, Missouri attempting to make a purchase of several miscellaneous items with a $100 bill. Upon presenting the bill, the clerk commented that the bill was fake.

b. Plaintiff instructed the clerk to swipe the bill with the marker, which she did, and it indicated that the bill was legitimate.

c. Nonetheless, the clerk still refused to honor the purchase. At that time, Plaintiff proceeded to leave the store. A police officer of the Independence Police Department was in the store at the time, and attempted to stop Perry, asking him to look at the bill.

d. Perry proceeded to walk out, at which time the

officer grabbed his arm demanding to see the bill. A scuffle ensued and Perry severely injured his knee, back, hip, and neck.

e. Perry was eventually arrested and transported to the Independence Police Department precinct.

f. Despite the fact that Perry informed the officers and the jail that he was hurt and was experiencing severe pain and discomfort, the Jail failed to provide him medical attention or transport him to the hospital for treatment.

g. Plaintiff remained in the jail for three days without medical attention, despite his numerous requests for treatment.

h. After three days, the Jackson County officials came to the jail to transport Perry to their jail in Kansas City, Missouri to hold him for the Nebraska authorities.

## COUNT I

## 42 U.S.C. § 1983-CONSPIRACY TO VIOLATE CIVIL RIGHTS

4. Defendants, together and under the color of state law, reached an agreement or understanding, engaged in a course of conduct, and otherwise conspired and colluded among and between themselves to deprive Plaintiff of his constitutional rights to

be free of excessive use of force; to due process of law; to the equal protection of the laws; negligence; and to cruel and unusual punishment.

5. Defendants deliberately and intentionally refused to provide adequate medical care for Plaintiff's serious bodily injuries.

6. Defendants deliberately and intentionally used excessive force in the commission of an unlawful arrest. Police had neither reasonable suspicion nor probable cause to believe that a crime had been committed by Perry. Had the officer inquired of the store clerk, he would have discovered that the alleged phony bill had passed the marker test, which clearly illustrated that the bill was real.

7. Defendant police officers had a duty to ensure that a crime had been committed prior to the stop of Perry and the attendant seizure of his person. They breached that duty, and as a direct proximate result of said breach, Plaintiff suffered irreparable harm.

8. The Defendant Independence Police Department Jail is liable for Plaintiff's irreparable injuries by failing to administer immediate medical care upon his admission into the Jail. The Jail has a policy of providing a full physical examination of all its admissions. Had they done so, would have clearly seen that he was severely injured and needed such care. If the Jail

was not equipped to provide such care, it was required to refer the matter to an outside medical provider.

9. The policies, practices, and customs put in place were totally disregarded by Jail personnel, resulting in the deliberate indifference to Plaintiff's medical concerns.

10. Disregard of these policies, practices, and customs resulted in a failure to properly train and supervise its employees and were a direct and proximate cause of the violations of Plaintiff's constitutional rights by the Jail, and the injuries visited upon Plaintiff as set forth above.

## DAMAGES APPLICABLE TO ALL COUNTS

11. As the result of the Defendants' conduct as herein before set forth, Plaintiff was damaged as follows:

   a. Pain, suffering, and mental anguish, past and future against each Defendant in an amount of $1,000,000.00.

   b. Punitive damages against each Defendant in an amount of $3,000,000.00.

WHEREFORE, Plaintiff requests for judgment against Defendants and each of them for appropriate compensatory and punitive damages, together with interest with pre-and-post-judgment, costs, and a reasonable attorneys' fee, and for such other relief

as the Court deems just and equitable.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiff demands that this case be tried to a jury in Kansas City, Missouri.

*/s/ David Perry*

David Perry
P.O. Box 22500
Lincoln, NE 68542

Notice: This correspondence was mailed from an institution operated by the Nebraska Department of Corrections. Its contents are uncensored.

Inmate Name # David Petty
Inmate # 212312
P.O. Box 22500
Lincoln, NE 68542-2500

46-03-13

Legal Mail

Clerk U.S. District Court
Western Division
Charles Evans Whittaker U.S. Courthouse
400 East 9th Street
Kansas City, Missouri 64106

RECEIVED
2021 FEB -5 AM 11:24
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY

OMAHA NE 670
1 FEB 2021